## Coulter v. McHenry

*Albert H. Alston*, for plaintiff.

*George L. Fener, Sr.*, and *George L. Fenner, Jr.*, for R. G. McHenry, defendant.

*D. O. Coughlin*, for Rena B. Rhoades, additional defendant.

LEWIS, J., for court en banc, December 23, 1947.— This is an action in assumpsit, originated by Robert Coulter, plaintiff, against R. G. McHenry, defendant, to recover the sum of $250 deposit purportedly paid by plaintiff to defendant on account of a real estate transaction, which transaction was never consummated.

Defendant, R. G. McHenry, then moved to join one Rena B. Rhoades, the owner of the property, as an ad-

ditional defendant: (a) for the purpose of defending the original claim of plaintiff Coulter for a refund in the sum of $250, and (b) for the purpose of recovering the full commission allegedly due McHenry, original defendant, on account of the sale of the Rhoades property to Coulter, to wit, $750, if he, McHenry, had to repay the $250 to Coulter and $500 if he, McHenry, didn't have to return the $250 to Coulter.

Rena B. Rhoades, additional defendant, through counsel, filed her preliminary objections to the complaint against her made by defendant, McHenry.

The Rules of Civil Procedure permit the joinder of an additional defendant in certain situations. Pa. R. C. P. 2252(*a*) states:

"(a) In any action, the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him *on the cause of action declared upon* or jointly or severally liable thereon with him." (Italics supplied.)

"Under Rule 2252(a) joinder is permitted only if the additional defendant is (1) alone liable to the plaintiff *for the cause of action declared upon by the plaintiff*, or (2) liable over to the defendant in regard *to such cause of action*, or (3) jointly or severally liable with the defendant to the plaintiff *on such cause of action*": Goodrich-Amram, §2252(*a*)-5. (Italics supplied).

"Joinder cannot be permitted on any other ground. . . . An additional defendant cannot be joined on the basis of a claim unrelated to the claim of the plaintiff against the defendant." See Goodrich-Amram, supra.

In Goodrich-Amram §2252(*a*)-6, we find the construction placed on the words "cause of action".

"The words 'cause of action' in this provision of the rule should therefore be construed to mean 'damages or injuries', so that the defendant may allege that the additional defendant is 'alone liable' (to recompense

the plaintiff) for the damages or injuries complained upon."

In the instant suit, defendant, R. G. McHenry, is endeavoring to go beyond the provisions of the rule and attempts to set up an action in assumpsit against additional defendant, Rena B. Rhoades, for the purpose of collecting in this action an alleged claim which said defendant, McHenry, has against the said Rena B. Rhoades, additional defendant.

We feel that this action is procedurally improper in the light of our rules of civil procedure and the interpretations of them.

Preliminary objections to the complaint of defendant, R. G. McHenry, sustained, and defendant's complaint is dismissed with leave to amend within 20 days.